UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY SALVADOR JASPER and<br>CHARISE MERTINA PASCHALL,<br><br>Plaintiffs,<br>v.<br><br>MARKES EUGENE KIRKWOOD and<br>ALICINA ROSA VILANKULU,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>SA-09-CV-095-FB |

## REPORT AND RECOMMENDATION

TO:   Honorable W. Royal Furgeson
      United States District Judge

This report and recommendation recommends dismissal of this case. Previously, the district judge referred to me the motion to proceed *in forma pauperis* filed by plaintiffs Anthony Salvador Jasper and Charise Mertina Paschall. In considering the motions, I observed that this case is appropriately dismissed under 28 U.S.C. § 1915(e).

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[1] This provision permits the court to dismiss those claims whose factual

---

[1] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

contentions are clearly baseless.[2]  Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[3]  Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[4]  Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

This case should be dismissed under section 1915(e) because it is frivolous—Jasper's claims lack an arguable basis either in law or in fact.  Jasper seeks to sue his former girlfriend—Alicina Rosa Vilankulu—and the attorney who represented Vilankulu in a bankruptcy proceeding—Markes Eugene Kirkwood—under 42 U.S.C. §§ 1981, 1983 and 1985. Jasper also seeks to sue Vilankulu and Kirkwood for defamation of character.  Jasper identified Paschall in a previous lawsuit as his homeless sister for which he has a power of attorney,[5] but the pleadings in this case reflect that Paschall has no role in this lawsuit.  The United States Court of Appeals for the Fifth Circuit has previously advised Jasper that he may not represent Paschall.[6]

---

[2]*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[3]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

[4]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[5]*See* SA-08-CV-857-FB, docket entry # 9, p. 4.

[6]*See* Appeal # 08-50033 (5th Cir.).

The origins of this lawsuit can be traced to Bankruptcy Case No. 04-56036-C, *In re Alicina Rosa Vilankulu*. Jasper objected to Vilankulu's discharge in bankruptcy, but the bankruptcy judge determined that Jasper's allegations that Vilankulu was "dissipating and secreting assets" lacked merit.[7] In one of his numerous pleadings filed in the bankruptcy case, Jasper sought sanctions against Vilankulu's attorney for failing to respond to his request for interrogatories and document requests.[8] That motion—like Jasper's other motions—was denied or dismissed by the bankruptcy judge.

Jasper has already sought to sue Vilankulu and Kirkwood in another federal lawsuit. In Cause # SA-06-CA-928-FB, Jasper alleged that Vilankulu and Kirkwood defrauded, slandered and defamed him, and invaded his privacy, in the bankruptcy proceeding.[9] In dismissing that case, the district judge explained that a plaintiff bringing a claim under 42 U.S.C. § 1983 must allege the violation of a constitutional right and satisfy the "under color of state law" requirement.[10] The district judge also explained why statements made in the course of a judicial proceeding are privileged and will not support a claim for libel, slander, or another tort cause of action.[11] Ignoring these instructions, Jasper seeks to pursue the same claims in yet another lawsuit.

There are several reasons why Jasper's claims in this lawsuit fail to state a claim upon

---

[7]*See* Bankr. Case No. 04-56036-LMC (W.D. Tex.), docket entry # 45.

[8]*See id*., docket entry # 59.

[9]*See* SA-06-CA-928-FB, docket entry # 23.

[10]*Id*.

[11]*Id*.

which relief may be granted. Jasper's claim under section 1981 fails because the allegations are not based on race. Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens. . . ."[12] "To sustain a § 1981 claim, [the plaintiff] must establish three elements: (1) that [he] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in [42 U.S.C. § 1981]."[13] Jasper has not alleged that he is a member of a racial minority, or that Vilankulu or Kirkwood intended to discriminate against him on the basis of race.

Jasper's claim under section 1983 fails because he has not sued a state actor. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[14] Section 1983 doesn't provide for a cause of action against a private individual unless the person acted under color of state law. Jasper doesn't allege that Vilankulu or Kirkwood acted under color of state law.

Jasper's claim under section 1985 fails to state a claim because Jasper hasn't alleged discrimination based on race. Section 1985 makes it unlawful for "two or more persons . . . [to] conspire . . . for the purpose of depriving . . . any person or class of persons of the equal

---

[12] 42 U.S.C.A. § 1981(a).

[13] *Morris v. Dillard Department Stores*, 277 F.3d 743, 751 (5th Cir. 2001).

[14] *West v. Atkins*, 487 U.S. 42, 48 (1988).

protection of the laws, or of equal privileges and immunities under the laws. . . ."[15] To prevail under section 1985, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[16] Jasper doesn't allege that Vilankulu or Kirkwood acted with some racial, or otherwise class-based, invidiously discriminatory animus.

Jasper's effort to sue Vilankulu and Kirkwood for defamation of character fails because Jasper does not allege that Vilankulu and Kirkwood published a false statement. "To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, . . . or negligence, if the plaintiff was a private individual, regarding the truth of the statement."[17] Jasper has not alleged that Vilankulu and Kirkwood published a statement. Jasper's claim is also barred by limitations. A plaintiff has one year to bring a cause of action for defamation.[18] The statements Jasper relies on were made during the bankruptcy proceeding. That proceeding concluded on June 8, 2005—a date well outside of the one-year limitations period for bringing the claim.

**Recommendation**. For the reasons discussed above, Jasper's claims are frivolous and fail to state a claim upon which relief may be granted. Consequently, I recommend DENYING Jasper's motion to proceed *in forma pauperis* and DISMISSING this case. Because Jasper

---

[15] 42 U.S.C.A. § 1985(3).

[16] *United Bdh. of Carpenters and Joiners of Am.*, 463 U.S. 825, 835 (1983).

[17] *WFAA-TV v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

[18] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) ("A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues.").

persists in pursuing his allegations against Vilankulu and Kirkwood in federal court, I also recommend warning Jasper that if he continues to file frivolous lawsuits, the district court will issue an order enjoining him from filing any future action in a federal court without permission from this court.[19] The discussion above focuses only on the litigation aimed at Vilankulu and Kirkwood, but Jasper has filed several frivolous lawsuits in federal court.[20] To the extent that Jasper may complain about a lack of notice that the court is considering dismissal of this case, Jasper should treat this report and recommendation as notice and respond in accordance with the following instructions.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

---

[19]*See Newby v. Enron Corp.,* 302 F.3d 295, 301 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court.").

[20]*See* SA-08-CA-1063-OG (dismissing civil rights complaint against former criminal defense attorney as frivolous and duplicative of SA-06-CA-481-FB); SA-08-CA-857 (dismissing as frivolous claim alleging City of San Antonio and others violated Jasper's civil rights when Jasper was arrested for public intoxication); SA-06-CA-481-FB (dismissing civil rights lawsuit against former criminal defense attorney as frivolous). *See also* Cause # 08-CV-7472 (S.D.N.Y.) (dismissing for failure to respond to court's order); Cause # 08-CV-2678 (N.D. Ohio) (dismissing under section 1915(e) claim alleging Jasper's civil rights were violated when Jasper was arrested at Bowling State Univeristy); Cause # 07-4258 (D.N.J.) (dismissing claim for lack of prosecution); Cause # 07-5206 (D.N.J.) (dismissing as frivolous complaint for alleged injuries stemming from alleged false conviction and incarceration); Cause # 07-3044 (D.N.J.) (dismissing for lack of prosecution claim against Bexar County Adult Detention Center).

filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[21] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[22] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[23]

**SIGNED** on March 16, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[21] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[22] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[23] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).